Edward Johnson, OSB #96573
Monica Goracke, OSB #06065
OREGON LAW CENTER
921 SW Washington #516
Portland, OR 97205
Phone (503) 473-8310
Fax (503) 295-0676
edjohnsonolc@yahoo.com
mgorackeolc@yahoo.com

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARY MACQUIRE | |
| Plaintiff, | Case No: 07-919-MO |
| vs. | |
| CITY OF GRESHAM, JEFF DURBIN and TED VAN BEEK | PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND CLAIM FOR RELIEF |
| Defendants. | |

**Introduction**

Defendants move to strike, in whole or in part, Plaintiff's claim of municipal liability in this case. Defendants move against the inadequate "policy" portion of Plaintiff's *Monell* claim based on the assertion that Plaintiff did not specifically assert that Gresham policy was unconstitutional until the filing of the pretrial order. They move against the inadequate "training and supervision" portion of Plaintiff's *Monell* claim on the basis that there is a "lack of prima

1    PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE

facie evidence" to support this claim. For the following reasons, both parts of the motion to strike should be denied.

## Argument

**1. The unconstitutional "policy" portion of Plaintiff's *Monell* claim.**

Plaintiff concedes that the *Monell* claim as asserted in her complaint did not specifically challenge the written taser or use of force policies of the Gresham Police Department. The reason for this is straightforward – Plaintiff simply was not aware of these policies until she received them from Defendant during discovery. Shortly thereafter, she fully apprised Defendants of the contours of her *Monell* claim including her specific concerns about the constitutionality of GPD's taser and use of force policies. In her response to Defendants' Second Set of Interrogatories Plaintiff stated, in part,

> Plaintiff contends that the City of Gresham has failed to train, supervise and discipline its police officers properly with respect to the use of the excessive force and taser shock as shown by Gresham's written policy which allows, encourages and directs police officers to use tasers, even though the officers may not have a reasonable basis for using the taser, and as shown by Gresham's failure to ensure that officers are aware of the constitutional ramifications and the well-documented risks of injury and excessive force that may result from using the taser. While individual officers have testified in their depositions in this case that they were trained on "when it is appropriate to use a taser," Gresham's written policy on taser use (as contained in the Gresham Police Department General Order) contains no such limiting information.

Plaintiff's Answer to Interrogatory #21. This document was served on Defendants on January 11, 2008, one week before the discovery deadline of January 18, 2008. Had Defendants wanted to move for summary judgment based upon this clear statement of Plaintiff's *Monell* claim as of

the end of the discovery period, they could have. If the one week left in the discovery period did not allow them enough time, they could have sought an extension. It is hard to see how Defendants have been prejudiced by the manner in which Plaintiff's *Monell* claim has evolved in light of discovery. After all, they had all of the relevant information in their possession, particularly with regard to their own written policies.

Plaintiff's understanding of the role of the proposed pretrial order in this district is to allow the parties to conform the complaint and answer to the details learned in discovery. LR 16.6. In addition, FRCP 15(b)(1) allows for pleadings to be amended during or after trial. "The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." If that is the standard for amending pleadings during or after trial, it must be even more permissive at the pretrial order stage. While plaintiff asserts that her original complaint was specific enough to put the Defendants on notice of her *Monell* claim, even if it were not, she notified Defendants of the specifics of her claim as they were developed through discovery. Defendants have not been prejudiced by the timing of Plaintiff's pleadings and Plaintiff should be allowed to take her claim that GPD's written policies are unlawful to trial.

**2.    The failure to supervise and train portion of Plaintiff's *Monell* claim.**

Defendants claim that Plaintiff cannot make out a prima facie case that the City of Gresham failed to adequately train Defendant Durbin with regard to the GPD use of force and taser policies without an expert witness. Plaintiff disagrees. Plaintiff will present evidence adequate to create a jury question regarding GPD training and supervision through Defendant Durbin and Sgt. Jeffrey Hansen, one of the authors and officers in charge of the GPD use of force

3    PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE

and taser policies.

Dated: April 14, 2008

                                                OREGON LAW CENTER

                                                s/ Edward Johnson
                                                Edward Johnson, OSB #96573
                                                Monica Goracke, OSB #06065


                                                Of Attorneys for Plaintiff