IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY MACQUIRE,

        Plaintiff,

    v.

CITY OF GRESHAM
and JEFF DURBIN,

        Defendants.

No. CV 07-919-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Mary MacQuire prevailed at trial and now requests $166,098.85 in attorney fees pursuant to 42 U.S.C. § 1988. She also requests $547.03 in costs. Because Ms. MacQuire's request for attorney fees and costs is reasonable, I GRANT her Motion for Attorney Fees and Costs (#57).

### DISCUSSION

### I.    <u>Attorney Fees</u>

    Section 1988 states: "In any action or proceeding to enforce . . . [section 1983,] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

    Upon reviewing the parties' submissions, I conclude Ms. MacQuire's request for attorney

fees is reasonable.  While the amount of time spent on some tasks was high, I find these efforts were justified in this unusual case.  As Thomas Steenson points out in his declaration, there were a number of very significant obstacles for a plaintiff's lawyer in a case like this.  (Steenson Decl. (#61) ¶¶ 6-7.)  In particular, Ms. MacQuire, a homeless person, was illegally camping at the time of the incident.  The incident took place in a homeless camp where the police had previously interacted with people who had weapons and were under the influence of drugs.  The two officers on the scene are drug recognition experts and testified that both Ms. MacQuire and her only eyewitness looked and acted like they were under the influence of methamphetamine.  Ms. MacQuire's eyewitness also had a long criminal record and was incarcerated throughout the litigation and during the trial.  Furthermore, the confrontation between the parties began when Ms. MacQuire's eyewitness became belligerent with the police officers.  (*See id.*)  Despite these obstacles, I note that Ms. MacQuire was a remarkably persuasive witness.  I further note that both opening statements and closing arguments were very well-prepared.  Therefore, I award Ms. MacQuire $166,098.85 in attorney fees.

**II.**     **Costs**

Federal Rule of Civil Procedure 54(d)(l) states: "[C]osts—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920 (listing taxable costs).  "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

Upon reviewing the parties' submissions, I award Ms. MacQuire $547.03 in costs.

## CONCLUSION

Based on the foregoing, I GRANT Ms. MacQuire's Motion for Attorney Fees and Costs (#57). I award her $166,098.85 in attorney fees and $547.03 in costs.

IT IS SO ORDERED.

DATED this  14th  day of August, 2008.

    /s/ Michael W. Mosman
    MICHAEL W. MOSMAN
    United States District Court